Rebecca M. CANNON, Plaintiff–
Appellant,

v.

SPOKANE MERCHANTS ASSOCIA-
TION, a Washington corpora-
tion, Defendant–Appellee.

No. 12–35012.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2012.

Filed Dec. 20, 2012.

Michael D. Kinkley, Scott Michael Kink-
ley, Michael D. Kinkley, P.S., Alan L.
McNeil, Esquire, University Legal Assis-
tance, Spokane, WA, for Plaintiff–Appel-
lant.

Carl E. Hueber, Winston & Cashatt,
Herbert Joseph Landis, Olson, Loeffler &
Landis, Spokane, WA, for Defendant–Ap-
pellee.

Before: W. FLETCHER and FISHER,
Circuit Judges, and QUIST, District
Judge.*

MEMORANDUM **

Appellant Rebecca M. Cannon appeals
the district court's judgment dismissing
her complaint for lack of subject matter
jurisdiction on the basis of the Rooker–
Feldman doctrine. We vacate and re-
mand.

---

* The Honorable Gordon J. Quist, Senior United
States District Judge for the Western District
of Michigan, sitting by designation.

1. The district court erred in conclud-
ing that the Rooker–Feldman doctrine ap-
plies to this case. Cannon is not a state-
court loser complaining of injuries caused
by an allegedly erroneous state court judg-
ment, nor does she seek relief from the
state court judgment. See Exxon Mobil
Corp. v. Saudi Basic Indus. Corp., 544
U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d
454 (2005). Because she "asserts as a
legal wrong an allegedly illegal act or
omission by an adverse party, Rooker–
Feldman does not bar jurisdiction." Noel
v. Hall, 341 F.3d 1148, 1164 (9th Cir.2003).
That the subject matter of the federal
action may be "intertwined" with the sub-
ject matter of the state court action does
not require dismissal under Rooker–Feld-
man, because Cannon does not seek to
bring a de facto appeal of a state court
judgment. Id. at 1158 ("Only when there
is already a forbidden de facto appeal in
federal court does the 'inextricably inter-
twined' test come into play. . . .").

2. Because the district court clearly
"reaffirm[ed] its dismissal of plaintiff's
claim on Rooker–Feldman grounds," which
is jurisdictional, we construe the court's
order to not reach the issue of res judicata,
which is an affirmative defense that goes
to the merits of Cannon's claims. See
Exxon Mobil, 544 U.S. at 293, 125 S.Ct.
1517. The applicability of this defense
involves issues of state law that were not
analyzed by the district court in its order
denying reconsideration. Additionally,
resolution of this issue requires further
development and explication of the factual
basis for Cannon's claims than was pre-
sented to this court. We therefore decline
to reach the applicability of res judicata
and leave it to the district court to deter-
mine in the first instance should Spokane

---

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

raise the issue on remand. *See Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1143–44 (9th Cir.2004)(discussing examples of state preclusion law and remanding for the district court to determine in the first instance after reversing the district court's dismissal on *Rooker–Feldman* grounds).

**VACATED AND REMANDED.**

* This disposition is not appropriate for publication and is not precedent except as provided